UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 26-mj-57 (PAM/DJF) |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **NITZAN FLORES' MOTION TO** |
| | ) | **DISMISS FOR LACK OF PROBABLE** |
| NITZANA BELLE FLORES, | ) | **CAUSE** |
| | ) | |
| Defendant. | ) | |

Nitzan Flores, by and through her attorney, moves this Court, to dismiss the information for lack of probable cause.

On January 7, 2026, Border Patrol Agents were arresting an individual in front of Roosevelt High School. The individual was on the ground and at varying times between three and five BPAs were attempting to handcuff the individual. While the individual was still on the ground Body Worn Camera video shows Ms. Flores entering the camera angle. She is immediately wrestled to the ground by BPAs and subsequently arrested.

Ms. Flores recognizes that an information, like an indictment, generally cannot be challenged for lack of probable cause. *United States v. Funk*, 412 F.2d 452, 455 (8th Cir. 1969). However, courts also recognize that at times the presumption of probable cause can be set aside when "no reasonable construction can be said to charge the offense." *United States v. Nabors*, 45 F.3d 238, 240 (8th Cir. 1995). This is such a case.

The information in this case charges a single count violating 18 U.S.C. § 111(a)(1). (ECF No. 16). The Eighth Circuit model instruction 6.18.111 provides the following elements for Count 1:

1

One, that the defendant forcibly assaulted, in this case a United States Border Patrol Agent;

Two, the assault was done voluntarily and intentionally; and

Three, at the time of the assault, the Border Patrol Agent was doing what he was employed by the federal government to do.

An "assault" is any intentional and voluntary attempt or threat to do injury to the person of another, when coupled with the apparent present ability to do so sufficient to put the person against whom the attempt is made in fear of immediate bodily harm.

"Forcibly" means by use of force. Physical force is sufficient but actual physical contact is not required. A person who, in fact, has the present ability to inflict bodily harm upon another and who threatens or attempts to inflict bodily harm upon such person acts forcibly. In such a case, the threat must be a present one.

In this case, there is no evidence that Ms. Flores committed an assault to the "person of another". The original felony criminal complaint alleges in relevant part,

> 7. While executing one of the arrests referenced above, an individual later identified as Nitzana Belle FLORES, dropped her shoulder and forced a collision with BPA(s) 1 and 2, who were wearing clearly marked law enforcement clothing, interfering with an arrest and impeding BPA(s) 1 and 2's abilities to perform their law enforcement duties. As a result of FLORES's interference and attempts to impede BPA(s) from subduing the additional agitators, BPA(s) attempted to arrest FLORES. During the arrest, FLORES fought and resisted the BPA(s) attempts at restraining her. BPA 3, who was in proximity, observed the struggle and placed FLORES under arrest for violation of Title 18, United States Code, Section 111(a).

(ECF No. 1 at 3).

There is simply no evidence the Government can produce in this case that establishes probable cause that any agent suffered an injury or that a reasonable agent would have been in fear of immediate bodily harm.  The BWC video will show she jumped on top of the individual the BPAs were arresting.  Ms. Flores recognizes that she is asking the Court to take the rare step to look past the charging document and examine probable cause, but in this case the facts simply do not establish probable cause of a violation of section 111(a)(1).  At the motion hearing Ms. Flores will offer evidence in the form of BWC videos to support her motion.

Dated:  March 10, 2026.                         Respectfully submitted,

                                                *s/ Aaron J. Morrison*

                                                AARON J. MORRISON
                                                Attorney ID No. 0341241
                                                Attorney for Ms. Flores
                                                107 U.S. Courthouse
                                                300 South Fourth Street
                                                Minneapolis, MN 55415