UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Court File No. 26-mj-57 (PAM/DJF)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **GOVERNMENT'S EX-PARTE** |
| v. | ) | **RESPONSE TO DEFENDANT'S** |
| | ) | **MOTION TO DISCLOSE** |
| NITZANA BELLE FLORES, | ) | **PURSUANT TO RULE 6(e)** |
| | ) | |
| Defendant. | ) | |

The United States of America submits this response *ex parte* pursuant to the Government's previously submitted letter to the Court. For the reasons set forth below, disclosure is not appropriate under Federal Rules of Criminal Procedure 6(e), and Defendant's motion should be denied.

## I. Rule 16, *Brady*, and *Giglio* Prohibits Disclosure of Irrelevant and Immaterial Information

Rule 16, *Brady*, and *Giglio* govern the Government's disclosure obligations in criminal proceedings. There is no general constitutional right to discovery. Rule 16 limits discovery to items within the government's possession that are material to preparing the defense. Materiality requires more than speculation or conclusory assertions. *United States v. Krauth*, 769 F.2d 473, 476 (8th Cir. 1985); *United States v. Farah*, 2023 WL 8757097, at *9 (D. Minn. Dec. 19, 2023); *United States v. Ivers*, 2023 WL 2182327, at *2 (D. Minn. Feb. 23, 2023).

1

Requests aimed at confirming investigative history, rather than obtaining material evidence, are outside the scope of discovery. The Rules do not authorize discovery into the Government's investigative methods or charging decisions. Rule 16 is limited to defendant statements, tangible evidence, and items material to prepare the defense. It does not require disclosure of whether the government utilized a grand jury or elected an alternative charging mechanism.

Here, Defendant's request for disclosure of the existence of a grand jury proceeding is improper as a matter of law. There is no provision in Rule 16, statutory, or otherwise that mandates disclosure of the existence of a grand jury proceeding. Moreover, whether a grand jury was convened is not relevant to guilt, innocence, or any cognizable defense. The request seeks background information about the Government's internal process rather than evidence bearing any material issue and is therefore outside the scope of discovery.  Accordingly, because Defendant's request is not tethered to Rule 16, *Brady*, or *Giglio*, it should be denied.

## **II. Rule 6(e) Protects Grand Jury Matters and Cannot Be Used to Probe Its Existence or Scope**

Grand jury secrecy is an integral part of the criminal justice system, and the Supreme Court has consistently recognized that "the proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings." *Douglas Oil Co. v. Petrol Stops Nw.*, 441 U.S. 211, 218–19 (1979).

To overcome the presumption of secrecy, a party seeking disclosure must show a "particularized need." *United States v. Wilkinson*, 124 F.3d 971, 977 (8th Cir. 1997).

A "bare allegation that the records are necessary to determine if there may even be a defect in the grand jury process does not satisfy the 'particularized need' requirement." *United States v. Warren*, 16 F.3d 247, 253 (8th Cir. 1994).

Rule 6(e) protects not only the substance of grand jury proceedings, but also information that would tend to reveal their scope or direction. *In re Grand Jury Investigation*, 610 F.2d 202, 216–17 (5th Cir. 1980); *United States v. Phillips*, 843 F.2d 438, 441 (11th Cir. 1988).

Here, Defendant seeks disclosure of whether a grand jury considered his case and whether a "no bill" was returned. Even confirming or denying those facts would reveal protected grand jury matters or the Government's investigative process and is therefore barred by Rule 6(e).

At the same time, Rule 6(e) does not create a right to compel the Government to affirm or deny whether a grand jury proceeding occurred. Its plain language protects "matters occurring before the grand jury," not abstract inquiries into prosecutorial decision-making. Accordingly, Defendant cannot rely on Rule 6(e) to require disclosure. If no grand jury sat for a particular proceeding, the plain language of the statute makes clear disclosure of the existence, deliberation, or contemplation of a grand jury proceeding is not required under Rule 6(e).

Even if no grand jury proceeding occurred, no rule requires the Government to confirm or deny whether one was used. The plain language of the statute does not call for such disclosure. Neither does the entirety of Rule 16, *Brady*, *Giglio*, and its progeny. As such, Defendant's request should be denied.

3

### III. The Defendant Has Not Shown Any Particularized Need for Disclosure and Seeks Information Based on Speculation

Defendant's request is based entirely on speculation.  Defendant asserts that a grand jury *may* have considered the case and that a "no bill" *may* exist. (ECF No. 29). This is insufficient as a matter of law.

Requests for grand jury material that rest on speculation or conjecture are improper. *See United States v. Procter & Gamble Co.,* 356 U.S. 677, 681-82 (1958) (rejecting disclosure where the request amounted to a "fishing expedition"); *Douglas Oil Co.,* 441 U.S. at 218-19  (requiring a showing of "particularized need"); *Warren,* 16 F.3d at 253 (holding that unsupported allegations are insufficient to justify disclosure); *United States v. Loc Tien Nguyen,* 314 F.3d 431, 434-35 (9th Cir. 2002) (denying disclosure based on speculation regarding grand jury proceedings); *United States v McDougal,* 137 F.3d 547 (8th Cir. 1998)(even in high-profile cases, grand jury secrecy is not relaxed absent concrete justification).

A defendant may not obtain discovery based on conjecture about what a grand jury "may have" done. Such requests are impermissible fishing expeditions and fail as a matter of law. Defendant fails to allege any particularized need but instead relies on speculation.

Compelling the Government to confirm or deny use of a grand jury would provide no admissible evidence and would not assist in any motion practice or trial defense. Discovery requests for informational or strategic purposes alone is improper under Rule 16 and related progeny.

4

Defendant's request would require the Court to compel the Government to confirm or deny matters that would necessarily reveal whether grand jury proceedings occurred and the scope of such proceedings, precisely the type of disclosure Rule 6(e) prohibits. *See* Fed. R. Crim. P. 6(e)(2).

Moreover, Defendant offers no legal support for the proposition that a prior grand jury "no bill" would warrant dismissal. Courts have long recognized that a grand jury's refusal to indict does not bar subsequent prosecution. *See United States v. Thompson*, 251 U.S. 407, 413-14 (1920). Nor does such speculation limit the Government's ability to proceed by information in a misdemeanor case, as expressly authorized by Federal Rule of Criminal Procedure 7(a). *See also United States v. Williams*, 504 U.S. 36, 47 (1992).

Since Defendant identifies no authority and no "particularized need" to overcome the presumption of grand jury secrecy, his request must be denied.

### **IV. Prosecutorial Discretion and Separation of Powers Bar Inquiry into Investigative Structure**

The decision whether to present a matter to a grand jury is a core function of prosecutorial discretion, not subject to judicial oversight or discovery. Judicial compulsion requiring the Government to confirm or deny whether a grand jury was used would intrude upon Executive Branch charging discretion and improperly involve the Court in supervising discretionary enforcement decisions. Even framed as a simple factual inquiry, the request exposes internal investigative choices and

prosecutorial workflow and invites judicial supervision of investigative strategy, which is precisely what constitutional separation of powers prohibits.

## V. Defendant's Request Seeks No Material Evidence and Would Provide No Admissible Benefit

Defendant fails to identify any authority establishing that the existence or non-existence of a grand jury proceeding is relevant to guilt, innocence, or any cognizable defense. A prior "no bill" does not bar subsequent prosecution or proceeding by information. See *United States v. Thompson*, 251 U.S. 407, 413–14 (1920); Fed. R. Crim. P. 7(a).

Disclosure here is not warranted by Rule 16 and would also reveal the scope or absence of protected grand jury proceedings, expose charging decisions or deliberative processes, and undermine the secrecy protections central to Rule 6(e). By contrast, Defendant identified no particularized need for disclosure. Defendant's ability to defend against the charged information is unaffected, and any *Brady* or *Jenks* material will be disclosed in the ordinary course. Accordingly, the request seeks background information about the Government's internal process rather than evidence bearing on any material issue. As such, the request should be denied.

## VI. *Ex Parte Submission is Appropriate*

Courts routinely permit *ex parte*, *in camera* submissions to resolve issues under Federal Rule of Criminal Procedure 6(e) while preserving grand jury secrecy. *See United States v. R. Enterprises, Inc.*, 498 U.S. 292, 299-301 (1991) (approving *in camera* review of grand jury matters); *In re Grand Jury Proceedings*, 851 F.2d 860,

6

866 (6th Cir. 1988) (permitting *ex parte,* in camera review to protect secrecy); *In re Grand Jury Subpoena,* 103 F.3d 234, 239 (2d Cir. 1996). The Government's *ex parte* submission allows this Court to evaluate Defendant's motion without requiring disclosure of protected information. Requiring disclosure of that submission would defeat the purpose and compel the Government to reveal the very information Rule 6(e) protects.

## VII. CONCLUSION

For the foregoing reasons, Defendant's request is speculative, irrelevant, and not supported by any showing of particularized need. It improperly seeks to probe internal prosecutorial processes, is not discoverable under Rule 16, Brady, or Giglio, and would intrude upon core executive discretion in violation of separation of powers principles. Accordingly, the Government respectfully requests that Defendant's Motion be denied.

Dated: April 23, 2026                    Respectfully Submitted,

                                         DANIEL N. ROSEN
                                         United States Attorney


                                         *s/William L. Richards*
                                         BY: William L. Richards
                                         Attorney ID No.: 5445002NY
                                         Special Assistant U.S. Attorney
                                         300 South 4th Street, Suite 600
                                         Minneapolis, MN 55415
                                         T: 612.664-5600| C: 202-230-8076
                                         Email: William.Richards@usdoj.gov